UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : <br> c/o United States Attorney's Office : <br> Judiciary Center Building : <br> 555 4th Street, N.W. : <br> Washington, DC 20530, : <br>  : <br> **Plaintiff,** : <br>  : <br> v. : <br>  : <br> **$14,860.00 IN UNITED STATES** : <br> **CURRENCY,** : <br>  : <br> **Defendant.** : <br> _____: | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by and through its attorney, the United States Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is a civil action, *in rem*, to forfeit and condemn to the use and benefit of the United States of America the following property: fourteen thousand, eight hundred and sixty dollars in United States currency ($14,860.00) (plus accrued interest, if any) (hereinafter, "the defendant property"), through enforcement of 21 U.S.C. § 881(a)(6), and enforcement of 18 U.S.C. § 981(a)(1)(A).

## THE DEFENDANT IN REM

2. The defendant property is more fully described as fourteen thousand, eight hundred and sixty dollars in United States currency ($14,860.00) that was seized in during the execution of a search warrant at 5601 Lundy Drive, Lanham, Maryland, on August 1, 2006. The defendant property is presently in the custody of United States law enforcement authorities and located in Washington, DC.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1395, because the property is located in this District.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Sub-chapter I of the Controlled Substances Act, all

proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to ne used to facilitate any violation of Sub-chapter I of the Controlled Substances Act (codified at 21 U.S.C. § 801, *et seq*.). The defendant property also is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960.

    7. On August 1, 2006, Special Agents of the Federal Bureau of Investigation (FBI) seized the defendant property, which was found during the FBI's execution of a search warrant at 5601 Lundy Dr, Waldorf, Maryland. This address is the residence of Troy Hopkins and his father, Alfred Hopkins. As further discussed below, Troy Hopkins and Alfred Hopkins are both active in a PCP distribution network operating in the Washington, DC area.

    8. On July 27, 2006, a Grand Jury empaneled by the United States District Court for the District of Columbia, returned an Indictment against 14 defendants, including Troy Hopkins. The Indictment charged that Troy Hopkins had conspired with other named defendants, and unnamed others, to possess with intent to distribute and to distribute phencyclidine (PCP) in the District of Columbia.

    9. On August 1, 2006, the Hopkins' home at 5601 Lundy Drive in Lanham, Maryland, was searched pursuant to a court authorized search warrant. Law enforcement agents discovered that the home was fitted with exterior cameras that could be monitored from Alfred Hopkins' bedroom. In the home, agents found a cache of weapons and other evidence of Troy Hopkins' and Alfred Hopkins' drug trafficking activities. In a bedroom that Alfred Hopkins stated was his, a loaded AK-47 assault rifle was found with a full 30 round magazine in the weapon. In the

home they also found a loaded Mossberg .410 shotgun, a 12 gauge shotgun, a loaded .357 Magnum revolver, a .22 caliber pistol, additional ammunition, a .38 caliber revolver, a box of .38 caliber ammunition, a box containing miscellaneous ammunition including 7.62 cartridges and .410 shells, a money counter, and the defendant property – $14,860 in United States currency. Agents also discovered clothes that appeared to fit Troy Hopkins, who weighed over 400 pounds. Outside of the house, agents discovered several other weapons. They found a loaded 9mm pistol hidden in bushes in the front of the house. In the same vicinity, they discovered a bottle of suspected PCP. They also found, in the front bushes, a loaded Ruger 9mm pistol and a plastic bag containing several small zip baggies commonly used for distributing drugs, as well as a scale used for measuring drug quantities. Agents recovered three cans of starter fluid, which is used as a cutting agent for PCP, from the garage.

10. During the period of their investigation, law enforcement agents conducted surveillance on the Hopkins' home and observed members of the conspiracy meeting there. On at least one occasion, members of the conspiracy noticed the agents' surveillance van and began advancing on the van, which was driven away for safety. In interviews with cooperators later, agents learned about several drug deals that had occurred at the Lundy Drive home. Further, cooperators said the Lundy Drive home was protected from rival drug dealers by a number of guns, some of which were kept by Alfred Hopkins. Occasionally, the Hopkins family would call upon neighbors to assemble around the house with guns to protect it from being robbed by persons seeking to take cash, proceeds of the drug distribution conspiracy, that was kept in the house.

11. The Government learned through cooperating witnesses that Hopkins' home was a

regular meeting place of the conspirators and the frequent location of drug sales. Further, cooperators informed the Government that Alfred Hopkins allowed his son, Troy, to hide drug money in the house and armed the house in order to protect it. Agents with the Drug Enforcement Administration confirmed that Alfred Hopkins had previously been robbed at gunpoint by masked men who entered his house looking for Troy Hopkins' money. Although Alfred Hopkins claimed not to have seen the robbers at the time, he later told law enforcement officials that the robbers were young men who knew his son, Troy.

      12. In May, 2006, while a court-authorized wiretap was running on the cellular telephone of Darnell Jackson, he and Troy Hopkins talked regularly about shipments of PCP that were being brought into this area, from California, by couriers. On May 24, 2006, law enforcement agents caught two couriers at Dulles airport and seized two gallons of PCP from their luggage. Wiretap calls revealed that this PCP was destined for Troy Hopkins. In the wake of this seizure, Troy Hopkins and Darnell Jackson talked about the implications of that seizure. Specifically Troy Hopkins talked about advice he had gotten from Alfred Hopkins regarding the seizure. Troy Hopkins said, in thinly coded language, that Alfred Hopkins was of the view that only local police were involved in the seizure and that they would not figure out the scope of the conspiracy. In other words, the fact of the seizure of PCP by the FBI was immediately discussed with Alfred Hopkins, who immediately gave advice to the organization. Cooperators later confirmed that members of the conspiracy sought advice from Alfred Hopkins, who routinely told conspirators that he had been a U.S. Marshal. Alfred Hopkins reportedly retired from the Metropolitan Police Department with a disability claim, in the early 1980s. But, recently, he worked as a private security guard with a posting in a Department of Homeland Security

building. A cooperating witness also revealed that Alfred Hopkins kept money in the Lundy Drive house for Troy Hopkins at times, and rendered advice on methods to launder proceeds of drug distribution activity.

13. On or about October 30, 2006, Alfred Hopkins, with legal counsel, filed an administrative claim of ownership of the defendant property with the Federal Bureau of Investigation.

## COUNT I

14. All statements and averments made in paragraphs 1-13 are re-alleged and incorporated herein by reference.

15. The defendant property is subject to forfeiture because it constitutes money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Sub-chapter I of the Controlled Substances Act, or proceeds traceable to such an exchange, or money used or intended to be used to facilitate a violation of Sub-chapter I of the Controlled Substances Act (codified at 21 U.S.C. § 801, *et seq*.).

16. As such, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## COUNT II

17. All statements and averments made in paragraphs 1-13 are re-alleged and incorporated, herein, by reference.

18. The defendant property is subject to forfeiture because it was involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of dealing

in a controlled substance, a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

19. As such, the defendant property was involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### COUNT III

20. All statements and averments made in paragraphs 1-13 are re-alleged and incorporated, herein, by reference.

21. The defendant property was involved in a violation of 18 U.S.C. § 1957(a) because it was involved in a "monetary transaction" as that term is defined by 18 U.S.C. § 1957(f)(1), that was greater than $10,000.00 in value involving the proceeds of proceeds dealing in a controlled substance, a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

22. As such, the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

* * *

**WHEREFORE**, the United States of America prays that process of warrant issue for the arrest of the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition

according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        DC Bar No. 498610

By:    _/s/_____
        BARRY WIEGAND
        DC Bar No. 424288
        WILLIAM R. COWDEN
        DC Bar No. 426301
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, DC 20530
        (202) 307-0258

## **VERIFICATION**

I, Paul M. Cavanagh, a Special Agent of the Federal Bureau of Investigation, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this  25  day of January, 2007.

                                                      _/s/_____
                                                     Paul M. Cavanagh
                                                     Special Agent
                                                     Federal Bureau of Investigation

Case 1:07-cv-00175-RBW   Document 1-2   Filed 01/25/2007   Page 1 of 2

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
$14,860.00 in United States Currency

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

CASE NUMBER 1:07CV00175
JUDGE: Reggie B. Walton
DECK TYPE: General Civil
DATE STAMP: 01/25/2007

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
William R. Cowden   (202) 307-0258
U.S. Attorney's Office
555 4th Street, N.W., Room 4824
Washington, D.C. 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### [X] E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
[X] 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1) Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Civil Forfeiture involving moneys...or other things of value furnished in exchange for a controlled substance, all proceeds traceable to or used to facilitate such an exchange in violation of 21 U.S.C. § 881(a)(6).

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 1/25/07   SIGNATURE OF ATTORNEY OF RECORD   WILLIAM R. COWDEN
Assistant U.S. Attorney

25

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

