IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 07-00175 (RBW) |
| **v.** ) | |
| ) | |
| **$14, 860.00 IN UNITED STATES** ) | |
| **CURRENCY,** ) | |
| ) | |
| **Defendant.** ) | |

### ANSWER OF CLAIMANT ALFRED T. HOPKINS

Comes now the Claimant, Alfred T. Hopkins, by and through his counsel, John F. Mercer, Esq., and as his answer to the verified complaint in the forgoing matter states the following pursuant to Rule G (5) (a) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims:

1.     That as to Paragraph One of the Complaint, the Claimant neither admits nor denies the allegations contained therein.

2.     That as to paragraph Two of the Complaint, the Claimant admits to the allegations contained therein;

3.     That as to Paragraph Three of the Complaint, the Claimant neither admits nor denies the allegations contained therein.

4.     That as to Paragraph Four of the Complaint, the Claimant neither admits nor denies the allegations contained therein;

5.     That as to Paragraph Five of the Complaint, the Claimant neither admits nor denies the allegations contained therein.

6.     That as to Paragraph Six of the Complaint, the Claimant neither denies the allegations contained therein.

7.     That as to Paragraph Seven of the Complaint, the Claimant admits the allegations therein insofar as it alleges that persons identifying themselves as Special Agents of the Federal Bureau of Investigation (FBI) seized the Defendant property, which was found during a search of the property located at 5601 Lundy Drive. Defendant further admits that the property at Lundy Drive is his residence however he denies the property address is located in Waldorf, Maryland. The Defendant denies the premises to the address of Troy Hopkins. Claimant denies allegations insofar as they suggest Claimant, Alfred Hopkins is or has been active in a PCP distribution network in the District of Columbia or any geographical location in the world.

8.     That as to Paragraph Eight of the Complaint, the Claimant neither admits nor denies the allegations contained therein and has no knowledge as to their truth and veracity.

9.     That as to Paragraph Nine of the Complaint, the Claimant admits the allegations insofar as they indicate that Claimant has security lighting at his residence; Claimant denies having a "cache of weapons and other evidence of Troy Hopkins' or Alfred Hopkins' drug trafficking activities." The Claimant admits to having legally purchased firearms at his residence. The Claimant denies having at his house non legally owned or purchased weapons, zip locked baggies and other materials used for "distributing drugs" at his residence.

10.    That as to Paragraph Ten of the Complaint, the Claimant denies the allegations contained therein.

11.     That as to Paragraph Eleven of the Complaint, the Claimant denies the allegations contained therein and states further, to the extent some parts of the allegations therein may be factual they have been mischaracterized so as to be inaccurate, misleading, exaggerated and manipulated;

12.     That as to Paragraph Twelve of the Complaint, the Claimant denies the allegations contained therein and further states that to the extent that some parts of the allegations might be true, they have been mischaracterized in such a way as to be inaccurate, misleading, exaggerated and manipulated;

13.     That as to Paragraph Thirteen of the Complaint, the Claimant neither admits the allegations contained therein.

14.     That as to Paragraph Fourteen, COUNT I of the Complaint, the Claimant neither admits nor denies the allegations contained therein and refers to his previous specific answers;

15.     That as to Paragraph Fifteen, COUNT I of the Complaint, the Claimant denies the allegations contained therein.

16.     That as to Paragraph Sixteen, COUNT I of the Complaint, the Claimant denies the allegations contained therein.

17.     That as to Paragraph Seventeen, COUNT II of the Complaint, the Claimant neither admits nor denies the allegations contained therein and refers to his previous specific answers;

18.     That as to Paragraph Eighteen, COUNT II of the Complaint, the Claimant denies the allegations contained therein.

19.     That as to Paragraph Nineteen, COUNT II of the Complaint, the Claimant denies the allegations contained therein.

20. That as to Paragraph Twenty, COUNT III of the Complaint, the Claimant neither admits nor denies the allegations contained therein and refers to his previous specific answers;

21. That as to Paragraph Twenty-One, COUNT III of the Complaint, the Claimant neither admits nor denies the allegations contained therein and refers to his previous specific answers;

22. That as to Paragraph Seventeen, COUNT III of the Complaint, the Claimant neither admits nor denies the allegations contained therein and refers to his previous specific answers;

Wherefore, the premises considered, the Claimant prays that that the instant Complaint for forfeiture in *Rem* be dismissed and the Property returned to the Plaintiff, or in the alternative, that the matter be set for a hearing and that based upon the findings therein, the Property be returned to Claimant with accrued interest, costs, attorney fees and such other and further relief as may be appropriate.

Respectfully submitted,

/S/
_____
John F. Mercer, Esq.
Tec Law Group, PLLC.
1000 Connecticut Avenue, Suite 600
Washington, D.C. 20036
Tel: 202.
Tel: 240.535.8758
Fax.: 301.249.4604
Email: jmjmercer@aol.com

4

**CERTIFICATE OF SERVICE**

    I herby certify that a copy of the foregoing Answer was filed with the Clerk, U.S. District Court for the District of Columbia, with a copy thereof served upon Assistant United States Attorneys William R. Cowden, Jeffrey A. Taylor, Esq., and Barry Wiegand, Esq., U.S. Attorney's Office, 555 4th Street, N.W., Room 4824, Washington D.C. this 26th day of March 2007.

                                                 /S/
                                      _____
                                      John F. Mercer

DATED: March 26th, 2007