UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**$14,860.00 IN UNITED STATES**<br>**CURRENCY**<br>　　　　　　**Defendant.**<br>_____<br><br>**ALFRED T. HOPKINS,**<br>　　　　　　**Claimant.**<br>_____ | )<br>)<br>)<br>)<br>)<br>)    Civil No. 07-00175 (RBW)<br>)    ECF<br>)<br>)<br>)<br>)<br>)<br>) |

## STATEMENT OF RESULTS OF RULE 16.3 CONFERENCE

　　　　To comply with this Court's previous order setting a status conference, and LCvR 16.3, counsel for plaintiff and counsel for claimant consulted by electronic means to meet and confer about this civil action in anticipation of the scheduling conference now set before this Court for 2:00 p.m., Thursday, May 10, 2007. As a result, the parties respectfully submit the following:

I.　　　　This is a civil forfeiture action brought *in rem* against funds seized during the execution of a search warrant at claimant's residence on August 1, 2006. Plaintiff, the United States of America, seeks an order declaring that the defendant funds are forfeited to the United States government. Plaintiff has brought this action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1), which authorize forfeiture to the government of property because of its association with certain narcotic-related or money-laundering crimes. Alfred Hopkins has filed a verified claim to the defendant funds and an answer to the forfeiture complaint, in which he opposes the forfeiture and asks for the funds to be returned to him. Claimant is represented by counsel, Mr. John Mercer, Esq. Plaintiff and claimant are the only parties before the Court in this matter, and they do not expect any other party to join this case.

II.     **Plaintiff's Statement of the Case**:  On July 27, 2006, a Grand Jury indicted Troy Hopkins and other persons on the charge, *inter alia*, of unlawful conspiracy to distribute and possess with intent to distribute phencyclidine in the District of Columbia, Maryland, and elsewhere, in violation of 21 U.S.C. § 846.  This case has been calendared as United States v. Darnell Anthony Jackson, *et al.*, Cr. No. 06-0227 (RBW).  Troy Hopkins is claimant's son.

All of the defendant funds were seized on August, 1, 2006, during the execution of a search warrant at the house at 5601 Lundy Drive, Lanham, Maryland, which claimant admits is his residence.  Plaintiff alleges that the defendant funds are the proceeds of the indicted drug-trafficking conspiracy involving claimant's son, and claimant knew this.  Additionally, plaintiff alleges that the defendant funds were involved in a money-laundering financial transaction whose purpose was to conceal that the funds were proceeds of a drug-trafficking conspiracy.  Plaintiff further alleges that the defendant funds were involved in a monetary transaction of greater than $10,000 involving the proceeds of a drug-trafficking conspiracy.

As this civil forfeiture action is related to the criminal case, United States v. Darnell Anthony Jackson, *et al.*, Cr. No. 06-0227 (RBW), both are assigned to the same judge.  The criminal defendant Troy Hopkins is in the status of a fugitive from prosecution.

**Claimant's Statement of the Case**:

The Claimant resides at 5601 Lundy Drive, Lanham, Maryland (the "Residence").  On August 1, 2006, a search of the Residence was undertaken by persons who identified themselves as Agents of the Federal Bureau of Investigation (the "Agents").  The Agents purported to have a warrant. The Agents handcuffed the Claimant.  They inquired about his son, Troy Hopkins ("Troy") and they commenced a search of the Residence.  Claimant, a retired police officer and a current (at

that time) contractor with the U.S. Department of Homeland Security ("DHS"), told the Agents that Troy did not reside at the Residence and had not lived at the Residence for several years. In addition to his work with DHS, the Claimant owns a record company known as "Teddy Bear Records," is engaged in lawn care, and during the summer distributes and sells watermelons transported to the D.C. area from his home town in South Carolina.

The Agents threatened to arrest the Claimant if he was not forthcoming with information concerning his son. The Claimant insisted that he did not know Troy's whereabouts and was therefore unable to provide such information. The Agents played a taped phone conversation between him and his son. They insisted that the telephone call was evidence of his collaboration with his son in distributing drugs. The Agents found Fourteen Thousand Eight Hundred Sixty Dollars ($14, 860.00) in U.S. currency at the Residence. The Agents confiscated the currency as well as several firearms Claimant had legally purchased and legally kept at the Residence. The Claimant was taken into custody and kept overnight. He was not charged with a crime and he was released the next day.

As a result of the search and arrest, the Claimant's contract with DHS has been suspended. Though DHS has indicated its desire for his return to work, federal law enforcement authorities have not been responsive to DHS inquiries about his arrest, thereby clouding Claimant's security clearance. The Claimant filed a "claim of ownership" and "hardship request" for return of the currency on October 27, 2006. The loss of the confiscated money has caused major difficulties with his record company and other enterprises. He has not been able to pay recording expenses and studio costs. His opportunity to contract with DHS remains on hold. His ability to generate income has been devastated.

None of the Claimant's money derived from criminal activities. All of the money seized in his house came from legitimate enterprises. The currency either came from enterprises above (accounted for on his tax returns) or withdrawals made from his principal bank account at the Hospitality Community Federal Credit Union ("HCFCU"), 1114 H Street, N.W., Washington, D.C. 20002. During 2006, his share accounts with HCFCU fluctuated between approximately $10,000-to-$20,000 each month.

III.    **Procedural Status**: Plaintiff filed its verified complaint for forfeiture of the defendant property to initiate this action on or about January 25, 2007. Mr. Alfred T. Hopkins filed a verified claim to the defendant property on or about March 7, 2007, and then filed an answer to plaintiff's complaint on or about March 26, 2007. There have been no other pleadings filed in this action.

Plaintiff believes that a stay of this proceeding might be appropriate during the pendency of the related criminal trial. Claimant will oppose any motion for a stay. Title 18, U.S. Code § 981(g) authorizes a stay upon motion either by plaintiff or by the claimant.

IV.    **The following information is provided consistent with Local Civil Rule 16.3(c)**:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The parties do not anticipate filing a dispositive motion before initiation of discovery. Plaintiff anticipates filing a dispositive motion after conclusion of discovery.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate joining other parties or amending the pleadings. If there is a need to join other parties or amend the pleadings, the parties will do so within 60 days of the report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties do not consent to assignment of the case to a Magistrate Judge.**

(4) Whether there is a realistic possibility of settling the case.

**The Parties believe there is some possibility of settlement.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The Parties do not believe the case could benefit from the Court's ADR procedures at this time and recommend against taking any steps to facilitate such ADR.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff anticipates filing a post-discovery motion for summary judgment. Claimant believes that the case cannot be disposed of by motion.**

**The parties agree, however, that if a post-discovery dispositive motion is to filed, it shall be filed within 45 days after the close of discovery; that the opposing party shall have 30 days thereafter in which to file an Opposition; and that the moving party shall have 15 days to file a Reply.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and whether any changes should be made in the scope, form or timing of these disclosures.

**Plaintiff submits that the recent amendments to the Federal Rules make initial disclosures under Fed. R. Civ. P. 26(a)(1) inapplicable to civil forfeiture cases. This cases is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which also took effect on December 1, 2006. Regardless, the parties consent to elimination of initial disclosures, which otherwise would be required by Rule 26(a)(1), F.R. Civ.P.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties disagree about whether a stay of this proceeding is appropriate during the pendency of the related criminal trial. As yet, no motion for a stay has been filed, but plaintiff anticipates filing such a motion.**

**Claimant would object to a stay of the proceeding and oppose plaintiff's motion for a stay. Claimant asserts that the amount of money at controversy in this matter is substantial. It is significant to Claimant. Therefore, the Claimant seeks the soonest possible resolution of this matter.**

**If a stay is granted, then when it is lifted, the parties believe that this case should fall within the presumptive standard-track time-frame, meaning that discovery could be completed in four months. If a stay is not granted, the parties take the same view. At this time, the parties do not see a need for particular limitations on discovery. If the stay is granted, and then lifted following the resolution of the criminal charges in the related prosecution, the parties believe it is very possible that there might little need for discovery.**

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions should occur.

**Plaintiff believes that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified so that a proponent's Rule 26(a)(2) statements will be due within 60 days of commencement of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days after commencement of discovery.**

(10) Class Actions

**The parties believe that there are no class issues in this case.**

(11) Bifurcation of discovery or trial.

**The parties do not see a need to bifurcate discovery or trial.**

(12) The date for the pre-trial conference.

**The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions, or, if no dispositive motions are filed, 60 days after the close of discovery.**

(13) Setting Trial date at first scheduling conference or at pretrial conference.

**The parties recommend that the Court set a trial date at the pretrial conference.**

(14) Any other matters to be included in a scheduling order.

**The parties do not believe that there is any other matter not addressed above that should be included in a proposed Scheduling Order, which is attached.**

                                                Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney
DC Bar #498610

/s/
Barry Wiegand
Assistant United States Attorney
DC Bar #424288
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov (e-mail)
Counsel for Plaintiff United States

and

/s/
JOHN F. MERCER, Esq.
Tec Law Group, PLLC.
1000 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
(240) 535-8758
(301) 249-4604 (fax)
JMJMercer@AOL.Com
Counsel for Claimant Alfred T. Hopkins

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, before filing this Statement of Results of Rule 16.3 Conference, I obtained approval to do so from: Mr. John F. Mercer, Esq., Counsel for Claimant Alfred T. Hopkins, Tec Law Group, PLLC., 1000 Connecticut Avenue, N.W., Suite 600, Washington, D.C. 20036, (240) 535-8758; (301) 249-4604 (fax); JMJMercer@AOL.Com; and that I also transmitted it to him through this Court's ECF system upon filing with the Court, on the ninth day of May 2007.

Barry Wiegand
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>    Plaintiff,           )<br>          )<br>  v.           )<br>          )<br>$14,860.00 IN UNITED STATES           )<br>CURRENCY           )<br>    Defendant.           )<br>_____)<br>          )<br>ALFRED T. HOPKINS,           )<br>    Claimant.           )<br>_____) | Civil No. 07-00175 (RBW)<br>ECF |

### INITIAL SCHEDULING ORDER

   This matter came before the Court following submittal by the parties of Statement of Results of Rule 16.3 Conference and an initial scheduling conference on May 10, 2007.  The parties have advised the Court that plaintiff anticipates seeking a stay in this action, which Claimant will oppose. If the Court grants a stay, all times set forth in this Order are from the date of dissolution of a stay. Otherwise, the times run from the date of this Order.

   Initial disclosures under Fed. R. Civ. P. 26 are inapplicable to this case.  The parties may use methods of discovery in any sequence in accordance with Fed. R. Civ. P. 26(d).  Discovery shall commence 15 days after this order.

   A party's Rule 26(a)(2) statements will be (A) due as provided in the rule; OR, (B) due within 60 days of start of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days of start of discovery.  The parties shall have 120 days to complete discovery.  Dispositive motions, if any, shall be filed within 45 days of the close of discovery, with all further pleadings due within the time frames set forth in the applicable rules.

   A trial will be scheduled at the pretrial conference which shall be held, if necessary,

approximately 30 days after a decision on all post-discovery dispositive motions, or, if no dispositive motions are filed, approximately 60 days after the close of discovery.

    SO ORDERED.

_____     _____
Dated     REGGIE B. WALTON
    United States District Judge

cc:    JOHN F. MERCER, Esq.
    Tec Law Group, PLLC.
    1000 Connecticut Avenue, N.W., Suite 600
    Washington, D.C. 20036
    (240) 535-8758
    (301) 249-4604 (fax)
    JMJMercer@AOL.Com

    Barry Wiegand
    Assistant United States Attorney
    DC Bar #424288
    555 4th Street N.W.
    Washington, DC 20530
    (202) 307-0299 (with voice-mail)
    (202) 514-8707 (Telefax)
    William.B.Wiegand@USDoJ.Gov