UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>    v.<br><br>$14,860.00 IN UNITED STATES<br>CURRENCY,<br>          Defendant.<br><br>ALFRED T. HOPKINS,<br>          Claimant. | Civil No. 07-00175 (RBW)<br>ECF |

### STIPULATION OF SETTLEMENT

***COMES NOW***, plaintiff the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, together with claimant Alfred T. Hopkins (hereinafter "claimant"), by and through his attorney, Mr. John F. Mercer, Esq., to notify the Court hereby that all parties to this case have assented to the terms of a Stipulation of Settlement (hereinafter "Stipulation of Settlement" or "this Stipulation"). This stipulation will dispose of all issues contested between the parties to this civil forfeiture action brought *in rem* against the defendant property, which is $14,860.00 in U.S. currency (hereinafter "the defendant property"). The defendant property more fully is described as:

> **Fourteen thousand, eight hundred and sixty dollars in United States currency ($14,860.00), which was seized during the execution of a search warrant at a specific address in the 5600 block of Lundy Drive, Lanham, Maryland, on August 1, 2006.**

The Court's endorsement of this Stipulation of Settlement and issuance of the attached Final Order

Of Forfeiture And Dismissal will result in this case's dismissal.[1]

The terms of the agreement reached between the parties to this Stipulation are as follows:

I. Plaintiff earlier deposited the defendant property of $14,860.00 in U.S. Currency into the Seized Asset Forfeiture Fund in the custody of the U.S. Marshals Service, and the property has identification number 06-FBI-003997. Within 21 days of the Court's entry of the proposed Final Order of Forfeiture, the United States Marshals Service shall issue a cheque in the amount of seven thousand, eight-hundred sixty dollars and no cents ("$7,860.00") made payable to "Martin & Mercer PC Attorney Trust Account."

II. In consideration of this payment of $7,860.00 to claimant, claimant agrees that this Court shall order the forfeiture to plaintiff of all of the balance of the defendant property, plus the balance of any funds in the special account arising from deposit of the defendant property into it, including any interest.

III. Claimant further agrees to waive forever any present or future right to bring any suit against the United States and any of its agencies, officers, employees, and agents for any cause of action related to the seizure of the defendant property or to this federal forfeiture action against the defendant property, or to the underlying facts of this case.

IV. The Parties agree that each shall bear its own court costs and legal expenses, and that neither party shall take any action or make any claim for fees, costs,

---

[1] On January 25, 2007, plaintiff brought this civil forfeiture action *in rem* against the defendant property, $14,860.00 in U.S. currency, and a warrant for arrest *in rem* issued on that date. The warrant was served on January 31, 2007. Thereafter, the plaintiff United States caused public notice of the seizure and this forfeiture action to be published in The Washington Times newspaper on February 9, 2007, and in The Daily Washington Law Reporter on February 15, 2007. Because the same defendant property had been the subject of non-judicial forfeiture, in which Mr. Alfred T. Hopkins had filed a claim, the publication of notice in these two newspapers complied fully with the provisions of Rule G of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions.

On March 7, 2007, Mr. Alfred T. Hopkins filed through counsel a verified claim to the defendant property, and Mr. Hopkins filed an answer on March 27, 2008. Other than the U.S. Government plaintiff and the defendant property, the formal parties to this action, claimant Alfred T. Hopkins is the only person who has attempted to become a claimant or other party. The Court's docket sheet reflects that no other person filed a claim, and the time to claim has expired, based on the dates of the defendant property's arrest and of the notice published in two newspapers. Thus, the parties submit that this Stipulation of Settlement and entry of the Final Order, which the parties request, should resolve all contested issues and dispose of this action entirely.

or payments on account of fees owed to counsel.

In making this Stipulation of Settlement, the parties represent that: (1) they had a reasonable time to consider its terms and conditions; (2) they make this Stipulation of Settlement voluntarily, with full knowledge of its significance, effects, and consequences, and without duress, threat, coercion, intimidation, promise, or inducement other than the terms and conditions set forth herein; and (3) the signatories for claimant and the United States are authorized to execute this Stipulation of Settlement and have full authority to bind the party represented.

The parties acknowledge that this Stipulation of Settlement sets forth their full and complete understanding about the resolution of this judicial action and the claims raised in it.  By executing this Stipulation of Settlement, the parties further acknowledge that they each understand its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed by any party beyond those set forth herein; that such terms are final and binding as to all claims that have been brought or could have been advanced on behalf of claimant against plaintiff or in relation to the defendant property on behalf of claimant against the United States of

America or in relation to the defendant property. To effect this settlement and to record the Court's approval, the parties ask this Court to issue enter the attached Final Order Of Forfeiture And Dismissal.

    WE ASK FOR THIS:

| | |
|---|---|
| /s/ *John F. Mercer* | /s/ *Jeffrey Taylor* |
| JOHN F. MERCER, Esq. | JEFFREY TAYLOR, Bar No. 498610 |
| TEC Law Group, PLLC | |
| 1629 K Street, N.W., Suite 300 | |
| Washington, D.C. 20036 | |
| (202) 466-3830; (301) 249-4604 (fax) | |
| JMJMercer@AOL.Com | |
| | /s/ *William R. Cowden* |
| | WILLIAM R. COWDEN, Bar No. 426301 |
| | Assistant United States Attorneys |
| /s/ *Alfred T. Hopkins* | 555 4thStreet, N.W., 4th Floor |
| ALFRED T. HOPKINS | Washington, D.C. 20530 |
| Claimant | (202) 307-0299; (202) 514-8707 (fax) |

The fully executed original of this document, which bears the original signatures of each individual named above is in plaintiff's possession.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>            Plaintiff,         )<br>                                 )<br>    v.                           )<br>                                 )<br>$14,860.00 IN UNITED STATES      )<br>CURRENCY,                        )<br>            Defendant.           )<br>_____ )<br>                                 )<br>ALFRED T. HOPKINS,               )<br>            Claimant.            )<br>_____ )  | Civil No. 07-00175 (RBW)<br>ECF |

### FINAL ORDER OF FORFEITURE AND DISMISSAL

Plaintiff the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, together with claimant Alfred T. Hopkins (hereinafter "claimant"), by and through his attorney, Mr. John F. Mercer, Esq., have notified the Court by filing a Stipulation of Settlement that the parties have agreed to settle this civil action.

The record in this case reflects that on January 25, 2007, plaintiff brought this civil forfeiture action *in rem* against the defendant property, $14,860.00 in U.S. currency (hereafter "defendant property"), and a warrant for arrest *in rem* issued on that date. The warrant was served on January 31, 2007. Thereafter, the plaintiff United States caused public notice of the seizure and this forfeiture action to be published in The Washington Times newspaper on February 9, 2007, and in The Daily Washington Law Reporter on February 15, 2007. Because the same defendant property had been the subject of non-judicial forfeiture, in which Mr. Alfred T. Hopkins had filed a claim, the publication of notice in these two newspapers complied fully with the provisions of Rule G of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions. On March 7, 2007, Mr. Alfred T. Hopkins filed through counsel a verified claim to the defendant

property. Other than the U.S. Government plaintiff and the defendant property, the formal parties to this action, claimant Alfred T. Hopkins is the only person who has attempted to become a claimant or other party. The Court's docket sheet reflects that no other person filed a claim, and the time to claim has expired, based on the dates of the defendant property's arrest and of the notice published in two newspapers. Therefore, the Stipulation of Settlement resolves all controverted issues.

    The terms and conditions of the Stipulation of Settlement are as follows:

    I.    Plaintiff earlier deposited the defendant property of $14,860.00 in U.S. Currency into the Seized Asset Forfeiture Fund in the custody of the U.S. Marshals Service, and the property has identification number 06-FBI-003997. Within 21 days of the Court's entry of the proposed Final Order of Forfeiture, the United States Marshals Service shall issue a cheque in the amount of seven thousand, eight-hundred sixty dollars and no cents ("$7,860.00") made payable to "Martin & Mercer PC Attorney Trust Account."

    II.    In consideration of this payment of $7,860.00 to claimant, claimant agrees that this Court shall order the forfeiture to plaintiff of all of the balance of the defendant property, plus the balance of any funds in the special account arising from deposit of the defendant property into it, including any interest.

    III.    Claimant further agrees to waive forever any present or future right to bring any suit against the United States and any of its agencies, officers, employees, and agents for any cause of action related to the seizure of the defendant property or to this federal forfeiture action against the defendant property, or to the underlying facts of this case.

    IV.    The Parties agree that each shall bear its own court costs and legal expenses, and that neither party shall take any action or make any claim for fees, costs, or payments on account of fees owed to counsel.

***NOW THEREFORE***, in consideration of the entire record in this case and the consent and agreement between the United States and Claimant, and in final resolution of all remaining contested issues as to right, title, and interest to the defendant $14,860.00 in United States currency, it is hereby

***ORDERED, ADJUDGED AND DECREED***, that the Stipulation of Settlement is accepted; and it is

***FURTHER ORDERED***, that within 21 days of the docketing of this order, the United States Marshals Service shall issue a cheque in the amount of seven thousand, eight-hundred sixty dollars and no cents ("$7,860.00") made payable to "Martin & Mercer PC Attorney Trust Account"; and it is

***FURTHER ORDERED***, that the balance of the defendant property, including any interest or other such funds attributable to it, is hereby adjudged and decreed forfeited to plaintiff United States to be disposed of in accordance with law; and it is

***FURTHER ORDERED***, that the above-captioned case is DISMISSED, except that the Court shall retain jurisdiction to enforce the provisions of the Stipulated Settlement.

The Clerk is hereby directed to send a certified copy of this Order to all counsel of record and to the United States Marshals Service.

ENTERED on this _____ day of _____, 2008.

SO ORDERED.

_____                    _____
Dated                                                                    REGGIE B. WALTON
                                                                         United States District Judge